## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**EDDIE L. LEWIS,**                                          CASE NO. 3:19 CV 2893

    Plaintiff,

    v.                                                JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.                                        **MEMORANDUM OPINION AND
ORDER**

### INTRODUCTION

Plaintiff Eddie L. Lewis ("Plaintiff") filed a Complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's decision to deny supplemental security income ("SSI"). (Doc. 1). The Court has jurisdiction under 42 U.S.C. §§ 1383(c) and 405(g). For the reasons stated below, the Court affirms the decision of the Commissioner.

### PROCEDURAL BACKGROUND

Plaintiff filed for SSI in December 2016, alleging a disability onset date of January 1, 2008. (Tr. 201). His claims were denied initially and upon reconsideration. (Tr. 134-36; 140-41). Plaintiff then requested a hearing before an administrative law judge ("ALJ"). (Tr. 142-44). Plaintiff (represented by counsel), and a vocational expert ("VE") testified at a hearing before the ALJ on August 1, 2018. (Tr. 39-62). On November 26, 2018, the ALJ found Plaintiff not disabled in a written decision. (Tr. 16-31). The Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 1-3); *see* 20 C.F.R. §§ 416.1455, 416.1481. Plaintiff timely filed the instant action on December 13, 2019. (Doc. 1).

## FACTUAL BACKGROUND

Personal Background and Testimony

Plaintiff was born in April 1977, making him 41 years old at the time of the hearing. *See* Tr. 201. He stopped attending school in the seventh grade. (Tr. 44). He had never sought a GED. (Tr. 45). He had minimal work experience, and none since 2008. (Tr. 207-09).

Plaintiff was previously awarded SSI benefits in January 2011. (Tr. 96-97). The ALJ in that case found Plaintiff's impairments met the listing criteria for affective disorder, Listing 12.04. (Tr. 95-96). Then, Plaintiff was incarcerated, terminating his benefits. *See* Tr. 44.

In May 2017, Plaintiff filled out a function report. (Tr. 246-253). He reported needing reminders to shave and take his medication, and having problems understanding information and following instructions. (Tr. 249, 251). He relied on assistance from family to manage his regular shopping needs. (Tr. 248). Plaintiff reported seeing his children weekly. (Tr. 250). He heard voices that keep him up at night. (Tr. 247).

At the hearing, Jessica Rife, Plaintiff's girlfriend, also testified. (Tr. 51-55). At the time of the hearing, they had been dating for approximately one year. (Tr. 52). They saw each other most days. *Id.*

Relevant Medical Evidence

In June 2013, Keisha Durr, LSW, noted Plaintiff was well-groomed and made average eye contact. (Tr. 482-83).

In January 2014, Ashley Line, LPN, similarly found Plaintiff well-groomed and making average eye contact. (Tr. 550).

2

In March 2015, Plaintiff told Jake Stabler, LSW, he had a depressed mood, anxiety, racing thoughts, excessive worrying, isolating to avoid crowds, and low energy levels. (Tr. 498). Plaintiff was diagnosed with depressive disorder, anxiety disorder, and cannabis dependence. (Tr. 504).

In November 2016, Matthew Chase, M.D., noted Plaintiff adjusted his diet to treat his diverticulitis. (Tr. 359).

In March 2017, Brian Griffiths, Psy.D., performed a consultative examination of Plaintiff. (Tr. 608). He diagnosed Plaintiff with unspecified depressive disorder, posttraumatic stress disorder, and borderline intellectual functioning. (Tr. 613).

In May 2017, Plaintiff had an initial visit with Michelle Monfort, LISW, to establish a treating relationship at North Lima-Quick Care. (Tr. 840). She assessed Plaintiff with generalized anxiety disorder and major depressive disorder. (Tr. 841).

In July 2017, Shah Jalees, M.D., noted Plaintiff's attention and concentration were fair, with intact immediate, recent, and remote memory. (Tr. 894).

In September 2017, Monfort noted Plaintiff was well groomed and made average eye contact. (Tr. 853).

ALJ Decision

In her November 26, 2018 written decision, the ALJ first found *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir 1997) did not apply because of a change in the law. (Tr. 16). She found Plaintiff had not engaged in substantial gainful activity since his application date. (Tr. 19). She concluded Plaintiff had the following severe impairments: chronic kidney disease, stage 3; diabetes mellitus with nephropathy; low back pain and abdominal pain, status post gunshot wound with retained bullet fragment; obesity; and mental impairments variously diagnosed as: major depressive disorder with psychotic features; dysthymic disorder; anxiety disorder not otherwise

3

specified; posttraumatic stress disorder, borderline intellectual functioning, with a performance IQ of 70 and full scale IQ of 67; and cannabis dependence. *Id.* However, she found none of the impairments—individually or in combination—met or medically equaled the severity of a listed impairment. *Id.* The ALJ concluded Plaintiff had the RFC

> to perform light work as defined in 20 CFR 416.967(b) except: frequent climbing ramps/stairs; no climbing ladders/ropes/scaffolds; frequent stooping and crawling; avoid all exposure to workplace hazards such as dangerous machinery and unprotected heights; no commercial driving; capable of understanding, remembering, and carrying out simple tasks that are not fast paced meaning the pace of productivity is not dictated by an external source over which he has no control; occasional interaction with coworkers, supervisors, and the public but no responsibility for conflict resolution; and limited to a work routine that is repetitive from day to day with few and expected changes.

(Tr. 24). The ALJ then found Plaintiff had no past relevant work, but found jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 29). Therefore, the ALJ found Plaintiff not disabled. (Tr. 30).

### STANDARD OF REVIEW

In reviewing the denial of Social Security benefits, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). Even if substantial evidence or indeed a preponderance of the evidence supports a claimant's position, the court cannot overturn

4

"so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

**STANDARD FOR DISABILITY**

Eligibility for benefits is predicated on the existence of a disability. 42 U.S.C. §§ 423(a), 1382(a). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Commissioner follows a five-step evaluation process—found at 20 C.F.R. § 416.920—to determine if a claimant is disabled:

1.   Was claimant engaged in a substantial gainful activity?

2.   Did claimant have a medically determinable impairment, or a combination of impairments, that is "severe," which is defined as one which substantially limits an individual's ability to perform basic work activities?

3.   Does the severe impairment meet one of the listed impairments?

4.   What is claimant's residual functional capacity and can claimant perform past relevant work?

5.   Can claimant do any other work considering his residual functional capacity, age, education, and work experience?

Under this five-step sequential analysis, the claimant has the burden of proof in Steps One through Four. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at Step Five to establish whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.* The ALJ considers the claimant's residual functional capacity, age, education, and past work experience to determine if the claimant could perform other work. *Id.* Only if a claimant satisfies each element of the analysis, including inability to do other work, and

5

meets the duration requirements, is he determined to be disabled. 20 C.F.R. § 416.920(b)-(f); *see also Walters*, 127 F.3d at 529.

DISCUSSION

Plaintiff raises two overlapping arguments. First, he argues the ALJ erred in conducting a *de novo* review instead of adopting the 2011 decision as her own. Second, he argues the ALJ erred by finding Plaintiff did not meet Listing 12.04. Neither is persuasive, and the Court affirms the ALJ's decision.

First, Plaintiff argues the ALJ erred by conducting a *de novo* review of the record instead of adopting the prior ALJ's ruling. (Doc. 11, at 6-10). He argues the ALJ's failure to identify new and material evidence when departing from the prior ruling violated Acquiescence Ruling (AR) 98-4(6), and two Sixth Circuit cases. *Id.*

In *Drummond v. Commissioner of Social Security*, the Sixth Circuit held that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." 126 F.3d 837, 842 (6th Cir. 1997). In response, the Commissioner issued AR 98-4(6), which bound ALJs deciding a second disability claim to the prior ALJ's findings "unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding." 1998 WL 283902, at *3.

In January 2011, an ALJ found Plaintiff disabled because he met the criteria for Listing 12.04. (Tr. 95-96). Plaintiff continued to receive benefits until he was incarcerated for more than a year, which terminated his benefits. *See* Tr. 44; 20 C.F.R. §§ 416.1325, 416.1335. By the time his 2016 application reached the ALJ, Listing 12.04 had changed. (Doc. 11, at 12), *see also Revised*

6

*Medical Criteria for Evaluating Mental Disorders*, 81 FR 66138-01; 2016 WL 5341732 at \*66138. Thus, by the plain text of AR 98-4(6), the ALJ is not bound by the prior ALJ's Listing analysis.

More recent Sixth Circuit case law confirms *res judicata* principles do not bind the ALJ in this case. *Earley v. Commissioner of Social Security* made two things clear—satisfying a new regulatory threshold is a changed circumstance justifying departure from a prior ALJ's ruling, and because "human health is rarely static", evidence accompanying a new application for a new time period receives a fresh look. 893 F.3d 929, 932-33 (6th Cir. 2018). Here, Plaintiff's past award of disability benefits rests on a regulation that is no longer in effect. Additionally, his present claim is that he was disabled when he filed his application in 2016, an issue the ALJ in 2011 could never have reached. *Id.* at 933. Thus, the ALJ did not err by conducting a *de novo* review of the record.

Alternatively, Plaintiff argues, even if the *de novo* review was proper, the ALJ erred by departing from the prior ALJ's specific findings concerning the Paragraph B criteria of Listing 12.04. But this argument is unsupported by precedent and is contrary to the substantial evidence standard of review employed in this case.

At Step Three in the ALJ's evaluation process, the applicant may show that his impairment meets or equals a listed impairment, in which case, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d); *see Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 491 (6th Cir. 2010). The Listing of Impairments defines impairments that the agency considers "severe enough to prevent an individual from doing any gainful activity." 20 C.F.R. § 416.925(a); *see Sullivan v. Zebley*, 493 U.S. 521, 531–32 (1990). A claimant's impairment must meet every element of a listing before the Commissioner will conclude that she is disabled at Step Three. *See* 20 C.F.R. § 416.920(d); *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 855 (6th Cir. 1986). The claimant has the burden to prove all elements are satisfied.

*King v. Sec'y of Health & Human Servs.*, 742 F.2d 968, 974 (6th Cir. 1984). To do this, he "must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014); *see also Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x 639, 642 (6th Cir. 2013) ("A substantial question about whether a claimant meets a listing requires more than . . . a mere toehold in the record on an essential element of the listing.").

As discussed above, the listing Plaintiff satisfied in 2011 is no longer in effect. But he notes that, in 2011, the ALJ found Plaintiff had "marked restriction in activities of daily living, marked difficulties in maintaining social functioning, [and] marked difficulties in maintaining concentration, persistence or pace…" (Tr. 95). Those findings satisfied the 2011 version of Listing 12.04, and similar findings would satisfy the current Listing. *Compare* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.04(B) (2011 Version) *with* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.04(B) (2018 Version). But Plaintiff cites no law to suggest the ALJ needs to compare the differing versions of the regulation, searching for ways to adapt the prior reasoning to the new law. And the Court has not uncovered any in its own research.

Instead, Sixth Circuit precedent makes clear ALJs have a "zone of choice" within which their decisions are not subject to judicial interference. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). Even though past findings of disability could provide substantial evidence for an ALJ to make the same finding again, *Earley*, 893 F.3d at 933, substantial evidence supporting Plaintiff's preferred conclusion does not warrant overturning an ALJ who comes to a different conclusion also supported by substantial evidence, *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). But Plaintiff argues *Drummond*, *Earley*, and AR 98-4(6) keep this ALJ out of the "zone of choice" and instead require her to review new evidence in relation to the prior decision, searching for a change

from 2011 instead of conducting a *de novo* review of Plaintiff's current health. Those cases do not apply here, however, because the law upon which Plaintiff's successful disability claim relied changed between 2011 and 2018. The "zone of choice" precedent, applied to this case, means there is no inherent error in the ALJ reviewing Plaintiff's application *de novo* and coming to a different conclusion than the prior ALJ, so long as her decision is ultimately supported by substantial evidence.

But Plaintiff does not contest substantial evidence does not support the ALJs decision. He has not identified what medical evidence in the record shows he met the criteria for Listing 12.04. Mental disorders under Listing 12.00 have three paragraphs, designated A, B, and C, and a plaintiff's mental disorder must satisfy the requirements of both paragraphs A and B, or the requirements of both paragraphs A and C. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, Listing 12.00 (A)(2)(a)-(c). A Step Three error is harmless when Plaintiff "has not shown that his impairments met or medically equaled in severity any listed impairment…" *Forrest v. Comm'r of Soc. Sec.* 591 F. App'x 359, 366 (6th Cir. 2014). Plaintiff identifies no medical evidence that shows he satisfies either the Paragraph B or C criteria for Listing 12.04. Plaintiff's entire Paragraph B arguments rests on the premise that the ALJ must identify new and material evidence to depart from the prior ALJ's findings, but, as discussed above, that premise fails. And Plaintiff does not mention the ALJ's Paragraph C analysis at all.

Additionally, the Court finds the ALJ's Paragraph B analysis is supported by substantial evidence. The ALJ found Plaintiff had no more than a moderate limitation in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (Tr. 22-23). A moderate limitation means Plaintiff's independent, appropriate, effective functioning in the relevant area on a sustained basis

9

is fair, while a marked limitation means the same capacity is seriously limited. *Id.*, Listing 12.00(F)(2). The ALJ accurately cited record evidence to support her findings, (Tr. 22-23), and that evidence satisfies the substantial evidence threshold. *Besaw*, 966 F.2d at 1030.

In addressing Plaintiff's ability to understand, remember, or apply information, the ALJ noted Plaintiff's reports of forgetting to shave and short-term memory problems. (Tr. 22). But she also noted he understood a medical diagnosis and responded appropriately by changing his diet to manage symptoms. *Id.* Additionally, she noted recent psychological exams indicated intact memory. (Tr. 23). This is evidence that "a reasonable mind might accept as adequate to support a conclusion", *Besaw*, 966 F.2d at 1030, particularly when Plaintiff has not identified contrary evidence in the record to support a more severe limitation.

Similarly, the ALJ noted Plaintiff reported feeling paranoid and isolating himself. (Tr. 23). But she also recognized Plaintiff regularly interacted with his family, saw his children weekly, and maintained a relationship with his girlfriend for more than a year. *Id.* Again, it was reasonable for the ALJ to conclude this evidence supported a moderate limitation in interacting with others.

The ALJ identified Plaintiff reported problems completing tasks, concentrating, and following instructions. *Id.* But she also noted a 2017 record from Plaintiff's mental health provider indicated his attention and concentration were fair. *Id.* In the absence of record evidence to the contrary it was reasonable for the ALJ to conclude Plaintiff had only a moderate limitation in concentrating, persisting, and maintaining pace. *Id.*

Finally, the ALJ weighed Plaintiff's report of hearing voices that keep him up at night against his report that he has no difficulties maintaining personal hygiene and can handle changes to his routine when he knows they are coming. (Tr. 23). She additionally relied on annual psychological assessments from 2013 through 2016, all of which included notes that Plaintiff

appeared well groomed, was cooperative, and made normal eye contact. *Id.* (citing, *inter alia* Tr. 482-83 (well-groomed, average eye contact noted in June 2013); Tr. 550 (same findings in January 2014); Tr. 853 (same findings in September 2017)). This is substantial evidence to support the ALJ finding a moderate limitation in Plaintiff's ability to adapt and manage himself. (Tr. 23).

The ALJ also found "no evidence that, despite ongoing treatment, support, or a highly structured setting, that the claimant has the capacity for only marginal adjustment such that he only has the minimal capacity to adapt to changes in his environment or demands that are not already part of his daily life." *Id.* Plaintiff does not challenge this finding. He does challenge the ALJ's choice not to analyze whether he met the Paragraph A criteria. (Doc. 11, at 15-16). But because the ALJ found Plaintiff did not meet either the Paragraph B or C criteria, and those findings are unchallenged and supported by substantial evidence, no Paragraph A analysis is required, because Plaintiff needed to satisfy the criteria for Paragraph B or C to actually meet the listing. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, Listing 12.00(A)(2)(a)-(c). Plaintiff has not identified a legal error, nor has he showed the ALJ's findings are not supported by substantial evidence. Therefore, the Court affirms the ALJ's decision that Plaintiff does not meet Listing 12.04, and that he is not disabled.

## CONCLUSION

Following review of the arguments presented, the record, and the applicable law, the undersigned finds the Commissioner's decision denying SSI supported and affirms that decision.


 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

11